UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-1241

**Motion for:** Leave to Participate in Oral Argument

**Caption [use short title]:** Leroy v. Livingston Manor Cent. School Dist.

Set forth below precise, complete statement of relief sought:

Amici move to split argument time with appellant. Appellant agrees to cede 7 minutes of argument time to amici.

**MOVING PARTY:** Amici Center for Indiv. Rts. & Eugene Volokh
**OPPOSING PARTY:** Appellees

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Eugene Volokh
**OPPOSING ATTORNEY:** Steven C. Stern

[name of attorney, with firm, address, phone number and e-mail]

Hoover Institution, Stanford University
434 Galvez Mall, Stanford, CA 94305
(650) 721-5092, volokh@stanford.edu

Sokoloff Stern LLP
179 Westbury Avenue, Carle Place, NY 11514
(516) 334-4500 ext. 102, sstern@sokoloffstern.com

**Court- Judge/ Agency appealed from:** Judge Nelson S. Roman (S.D.N.Y.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☒ Yes  ☐ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?  ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☒ Yes  ☐ No  If yes, enter date: 3/19/2025

**Signature of Moving Attorney:**
Eugene Volokh  Digitally signed by Eugene Volokh  Date: 2025.02.07 13:12:05 -08'00'
**Date:** 2/7/2025  **Service:** ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# 24-1241

**In the United States Court of Appeals for the Second Circuit**

―――――――――

CASE LEROY,

*Plaintiff-Appellant,*

— v. —

LIVINGSTON MANOR CENTRAL SCHOOL DISTRICT and JOHN P. EVANS, in his capacity as Superintendent of Schools of Livingston Manor Central School District,

*Defendants-Appellees.*

―――――――――

On Appeal from the United States District Court for the Southern District of New York, No. 21-cv-6008

―――――――――

**Motion of *Amici Curiae*
Center for Individual Rights And
Prof. Eugene Volokh
for Leave to Participate in Oral Argument**

―――――――――

Eugene Volokh[*]
Thomas M. Siebel Senior Fellow
HOOVER INSTITUTION
STANFORD UNIVERSITY
434 Galvez Mall, Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu

## Motion

1. *Amici* respectfully move for leave to participate in oral argument in this matter. Appellant Leroy agrees to cede 7 minutes of his presumably 10 minutes of argument time to *amici*. Appellees do not consent to this motion.

2. *Amici*'s participation in oral argument may aid the Court in resolving this case. Both the Center for Individual Rights and Volokh have deep experience with First Amendment law and no individual stake in this particular matter. Their interests are thus complementary to appellant's interests in having his own First Amendment rights vindicated, but not duplicative of those interests.

3. Counsel for *amici*, Eugene Volokh, is especially knowledgeable about First Amendment law. He is the author of over 50 law review articles on First Amendment law and of the textbook *The First Amendment and Related Statutes: Problems, Cases and Policy Arguments* (Foundation Press, 8th ed. 2023). Prof. Volokh is also an experienced appellate oral advocate, both as counsel for a party and on behalf of *amici*.

4. Because appellant and *amici* combined will still have the same amount of time as appellant would normally have, appellees will not be prejudiced by this request.

5. Under Federal Rule of Appellate Procedure 29(a)(8), the Court may allow *amici* to participate in oral argument. For examples of recent orders from this Court allowing nongovernmental *amici* to participate in oral argument, *see, e.g.*, *Cerrato-Barahona v. Garland*, No. 22-6349 (Mar. 7, 2024) (*amicus* Am. First Legal Found.); *Leslie v. Starbucks Corp.*, No. 23-01194 (Jan. 10, 2024) (*amicus* Workers United); *Oakley v. Dolan*, No. 21-2939 (Feb. 10, 2023) (*amicus* N.Y. State Trial Lawyers Ass'n); *Kim-Chee LLC v. Yup Chagi Inc.*, No. 21-1082 (Oct. 26, 2021) (*amici* Restaurant Law Center, N.Y. State Restaurant Ass'n & N.Y.C. Hospitality Alliance); *Black v. Decker*, No. 20-3224 (Nov. 15, 2021) (*amicus* N.Y. C.L. Union Found.); *Dorce v. City of New York.*, No. 20-01809 (Jan. 13, 2021) (*amicus* NAACP Legal Def. & Educ. Fund, Inc.).

And this practice on this Court's part is consistent with the Federal Rules of Appellate Procedure Advisory Committee's 1998 note to Rule 29(g), which refers to "the current practice in which it is not unusual for

a court to permit an amicus to argue when a party is willing to share its argument time with the amicus." Rule 29(g) originally allowed *amicus* to participate in oral argument "only for extraordinary reasons," but in 1998 this constraint was deliberately removed, for situations where—as here—"a party is willing to share its argument time with the amicus." *Id.*

In light of the substantial interest of *amici* in the questions presented by this case and their experience in addressing these issues, *amici* believe that permitting them to participate in oral argument would materially assist the Court. *Amici* therefore request the Court to grant divided argument in this matter.

Respectfully submitted,

/s/ Eugene Volokh
Eugene Volokh
Thomas M. Siebel Senior Fellow
HOOVER INSTITUTION
STANFORD UNIVERSITY
434 Galvez Mall, Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
Attorney for *Amici Curiae*

February 7, 2025

3

## Certificate of Compliance

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 465 words.

/s/ Eugene Volokh

February 7, 2025